| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Hearing: |
| **SOUTHERN DISTRICT OF NEW YORK** | December 3, 2024 at 10:00A.M. |

-----------------------------------------------------------------x

In re                                                               CASE NO. 24-22475

**DEMA ABBOUD,**

                         Debtor(s).

-----------------------------------------------------------------x

## NOTICE OF MOTION FOR AN ORDER PERMITTING WILLIAM WALDNER, ESQ. TO BE RELIEVED AS COUNSEL PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(E) AND FOR SUCH OTHER RELIEF THE COURT MAY DEEM JUST AND PROPER

**PLEASE TAKE NOTICE** that, upon the motion of William Waldner, Esq., the undersigned will move this court before the Honorable Sean H. Lane, U.S. Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street in White Plains, New York 10601, VIA ZOOM for government on the 3rd day of December, 2024 at 10:00AM, to consider the Motion of Debtors *(I) To be relieved as Counsel and (II) GRANT SUCH OTHER RELIEF THE COURT MAY DEEM JUST AND PROPER.*
.

**PLEASE TAKE FURTHER NOTICE, that any hearing on the within application will be held by telephone or Zoom video only. No in-person hearing will be held in the Courthouse. Participants are required to register their appearance at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl Appearances must be entered no later than by 4:00p.m. (prevailing eastern time) (the "Appearance Deadline") the business day before the scheduled hearing. After the Appearance Deadline has passed, parties who have made their electronic appearance through the Bankruptcy Court's website to appear via Zoom for government will receive an invitation from the Bankruptcy Court with a Zoom link that will allow them to attend the hearing. Requests to receive a Zoom link should not be emailed to the Bankruptcy Court, and the Bankruptcy Court will not respond to late requests that are submitted after the Appearance Deadline. Further information on the use of Zoom for Government can be found at the Bankruptcy Court's website at https://www.nysb.uscourts.gov/zoom-videohearingguide.**

Responsive papers shall be filed with the Bankruptcy Court and served on the undersigned, no later than seven (7) days prior to the hearing date set forth above. Any responsive papers shall be in conformity

with the Federal Rules of Civil Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

Dated: November 12, 2024
      New York, New York

                                                        <u>/s/ William Waldner</u>
                                                        WILLIAM WALDNER, ESQ.
                                                        469 Seventh Avenue
                                                        Twelfth Floor
                                                        New York, NY 10018
                                                        212-244-2882

| UNITED STATES BANKRUPTCY COURT | Hearing: |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | December 3, 2024 at 10:00A.M. |

---------------------------------------------------------------------x

In re	CASE NO. 24-22475

**DEMA ABBOUD,**

                Debtor(s).

---------------------------------------------------------------------x

# APPLICATION IN SUPPORT OF MOTION FOR AN ORDER PERMITTING WILLIAM WALDNER, ESQ. TO BE RELIEVED AS COUNSEL PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)

**TO: THE HONORABLE SEAN H. LANE,**
    **CHIEF UNITED STATES BANKRUPTCY JUDGE:**

    The application of William Waldner, Esq. (the "**Applicant**"), attorney for Dema Abboud (the "**Client**"), respectfully represents as follows:

1. On May 29, 2024 (the "**Filing date**") William Waldner, Esq. filed case #24-22475 for the Client (the "**Case**").

2. Thereafter the Applicant appeared in the Bankruptcy Case on behalf of the Client.

3. Howard Magaliff (the "**Trustee**") was elected as the Chapter 7 Trustee.

4. **Material Misrepresentations by the Debtor:** During the preparation and filing of this case, the debtor made material representations concerning her assets, both in writing and orally. Specifically, these representations were made in writing on my electronic intake form, on a handwritten intake form, and during the debtor's review of the case documents before signing them—at which point she failed to identify or correct these misrepresentations. Additionally, after the case was filed she confirmed in an email that she had discussed the same material representations with a previous attorney, who, according to her, indicated there was no issue. The debtor subsequently retained my services.

5. **Breakdown in Communication**: Recently, the debtor posted a negative review of the undersigned counsel on social media, including on Google, criticizing the quality of representation. This public expression of dissatisfaction reflects a breakdown in communication and trust between counsel and the debtor, making continued representation untenable (See "**Exhibit A**")

6. **Refusal to Pay for Ongoing Services**: The debtor has refused to pay for ongoing services necessary for the proper handling and progression of her case. This refusal has placed an unreasonable financial burden on counsel and has further contributed to the breakdown of the attorney-client relationship.

7. **In Camera Submission**: The undersigned counsel does not believe it is advisable to discuss in detail the circumstances surrounding these issues in a public forum. However, if the Court so requests, counsel is prepared to present additional facts in camera to substantiate the reasons for this motion.

8. **Legal Basis for Relief**: Under Rule 1.16(b) of the New York Rules of Professional Conduct and applicable local rules, a lawyer may withdraw from representing a client if continued representation would result in an unreasonable financial burden, if the client has used the lawyer's services to perpetrate a crime or fraud, or if there is another good cause for withdrawal. The breakdown of the attorney-client relationship in this case and the debtor's conduct constitutes good cause for relief.

9. **No Prejudice to the Debtor**: Granting this motion will not prejudice the debtor's case, as alternative counsel may be retained, and the case remains at a stage where transition to new counsel can be accomplished without disruption.

WHEREFORE, for the reasons ser forth herein, the Applicant respectfully requests that the Court enter the Proposed Order relieving William Waldner as Counsel, together with any and such other and further relief as is just, proper and equitable under the circumstances.

Dated: New York, New York
      November 12, 2024

                                              /s/ William Waldner
                                          William Waldner, Esq.
                                          469 Seventh Ave
                                          Twelfth Floor
                                          New York, New York 10018
                                          212-244-2882

**EXHIBIT A**

**L  LILA SAGE 22**

★☆☆☆☆  19 hours ago   NEW

I am sharing my experience with William to warn others about the disastrous service I received. Hiring him to handle my bankruptcy was an incredibly frustrating and stressful mistake due to his lack of professionalism, poor communication, and negligence.

From the start, my interactions with William were rushed and unhelpful. He spent less than 20 minutes on the phone with me, failing to clearly explain important documents or address my concerns. Rather than ensuring I was fully informed, he seemed more focused on rushing through the call. I later discovered that forms were uploaded to an online portal I wasn't told about, leaving me unaware of vital information that led to serious issues in my case.

When things went wrong, William's first response was, "I am losing so much money." His self-centered, unprofessional attitude was evident, as he showed no concern for my situation. he was dismissive and defensive, making it clear that his only concern was his own finances.

When I sought his help to rectify the mess he created, he callously told me to "go find someone else." He washed his hands of the case, leaving me to deal with the consequences of his mistakes. His refusal to take responsibility was shocking and deeply damaging.

As a lawyer and officer of the court, William failed in his duty to provide competent representation. He did the bare minimum and abandoned me when things got difficult. This experience has been a nightmare, and I regret choosing him as my attorney. I strongly advise anyone considering his services to look elsewhere.

Update: It's difficult to express just how hurtful and frustrating it is to hear such a statement, especially considering the stakes I'm facing—potentially losing my family home. To suggest that I could be "debt-free" is not only disheartening but also deeply concerning. I fail to understand how any attorney could take pride in such an outcome.

The reality is, I was forced to continue working with you due to my financial circumstances , not because it was my preferred course of action. I trusted that you would handle this matter with the seriousness and care it deserves, but your response only underscores how little regard there seems to be for the devastating impact this situation has had on my life.

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re

Dema Abboud,

         Debtor(s).

-------------------------------------------------------------------x

CHAPTER 7

CASE NO. 24-22475

**ORDER RELEIVING WILLIAM WALDNER AS COUNSEL**

Upon the motion filed November 12, 2024 by William Waldner to be relieved as counsel for Dema Abboud, pursuant to bankruptcy rule 2090-1(e) of the Local Rules of this Court it is hereby

ORDERED, that William Waldner is relieved as counsel for Dema Abboud.