R3M Law, LLP
6 East 43rd Street, 21st Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff,*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

| | |
|---|---|
| In re: : | |
| : | Chapter 7 |
| DEMA ABBOUD, : | Case No. 24-22475 (SHL) |
| : | |
| Debtor. : | |

---------------------------------------------------------- x

| | |
|---|---|
| HOWARD P. MAGALIFF, as Trustee of the : | |
| Estate of Dema Abboud, : | |
| : | Adv. Pro. No. 24- |
| Plaintiff, : | |
| : | |
| – against – : | |
| : | |
| DEMA ABBOUD, : | |
| : | |
| Defendant. : | |

---------------------------------------------------------- x

## **COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

Howard P. Magaliff (the "Trustee" and "Plaintiff"), the chapter 7 trustee of the estate of Dema Abboud (the "Debtor"), by his attorneys R3M Law, LLP, as and for his complaint against the Debtor, alleges the following upon knowledge as to its own acts and otherwise upon information and belief:

## **INTRODUCTION**

1. Plaintiff brings this action pursuant to Rule 7001(4) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and section 727(c) of title 11, United States

Code (the "Bankruptcy Code"), for a judgment denying the Debtor a discharge pursuant to sections 727(a)(2) and (a)(4) of the Bankruptcy Code.

## THE PARTIES

2. The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on May 29, 2024 (the "Filing Date"). The Trustee was appointed as the chapter 7 interim trustee of the Debtor's estate and is the trustee pursuant section 702(d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

6. Plaintiff consents to the entry of final judgment by the Bankruptcy Court.

7. The statutory predicates for the relief requested are sections 727(a)(2) and (a)(4), and section 727(c) of the Bankruptcy Code.

## FACTUAL ALLEGATIONS

8. Prior to the Filing Date, the Debtor owned an interest in 677 Kimble Avenue, Yonkers, NY (collectively, the "Property").

9. The Debtor indicated in her schedules that she had no legal or equitable interest in any residence, building, land, or similar property.

10. On July 8, 2024, the Trustee's attorney emailed the Debtor's counsel regarding information the Trustee required prior to the first meeting of creditors, which was to be held on July 12. Among those requests, the Trustee asked why the Debtor's transfer of 677 Kimble Avenue, Yonkers, NY (the "Property") was not listed on the Debtor's Schedules, and also re-

4887-3087-7689, v. 1

quested copies of the closing documents and breakdown of the financial distribution of the proceeds. On June 9, 2024, the Debtor's counsel ignored the Trustee's requests, and instead asked for an adjournment of the meeting of creditors.

11. On July 16, 2024, the Debtor filed an Amended Statement of Financial Affairs ("SOFA") [ECF doc 9]. The only item the Debtor amended in her SOFA was her transfer of the Property to her brother, Jaad Abboud, and the date of the Property's transfer (the "Transfer"). The Debtor failed to provide any further details regarding the Transfer, such as the value of the Property, value received, or debts paid in exchange, as required by the Statement of Financial Affairs form. The deed conveying the Property states that the Debtor received no consideration for the Transfer.

12. Contemporaneous with the amended SOFA, the Debtor filed a motion to convert the case from chapter 7 to chapter 13 (the "Motion to Convert") [ECF doc 10]. On August 5, 2024, the Trustee filed an objection to the Motion to Convert (the "Objection") [ECF doc 13]. After a hearing on the Motion to Convert on September 18, 2024, the Court entered an order denying the Debtor's Motion to Convert [ECF doc 31].

13. The Debtor has still not provided any further details regarding the Transfer, other than her affidavit in support of her reply to the Trustee's Objection (the "Reply") [ECF doc 18]. Therein, the Debtor stated that she did not understand the true nature of the documents she signed relating to the Property. Rather, she stated she understood her inclusion was "as a formality and that this was a precautionary measure intended to protect the house in case something happened to my parents or brothers. . . . At no point did I intend to assume or transfer any ownership interest in the property, nor did I understand that such a transfer may have occurred." Reply, Exh. A, pp. 1–2.

3

14. On November 13, 2024, the Debtor's counsel filed a motion to withdraw as attorney (the "Motion to Withdraw") [ECF doc 34]. Among the reasons he seeks to withdraw, the Debtor's counsel states that the Debtor made material misrepresentations to him which she failed to identify before she signed to them.

**FIRST CAUSE OF ACTION**
**(Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2))**

15. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

16. Section 727(a)(2) of the Bankruptcy Code provides that the Court shall not grant the Debtor a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . property of the estate, after the date of the filing of the petition[.]"

17. The Debtor concealed the Property from Plaintiff by indicating that she did not own them in her schedules.

18. The Debtor's failure to disclose these Property in her schedules and her subsequent conduct evidences her intent to hinder, delay or defraud creditors and Plaintiff.

19. Accordingly, Plaintiff is entitled to a judgment denying the Debtor a discharge.

**SECOND CAUSE OF ACTION**
**(Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(4))**

20. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

4887-3087-7689, v. 1

21. Section 727(a)(4) of the Bankruptcy Code provides that the Court shall not grant the Debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account[.]"

22. The Debtor made a false oath and account by indicating in her schedules that she did not own the Property.

23. Accordingly, Plaintiff is entitled to a judgment denying the Debtor a discharge.

**WHEREFORE**, Plaintiff requests the entry of judgment as follows:

(a) On the first cause of action, denying the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(2);

(b) On the second cause of action, denying the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(4);

(c) Costs and attorney fees; and

(d) Such other and further relief as is necessary and proper.

Dated: New York, New York
December 9, 2024

R3M LAW, LLP
Attorneys for the Trustee
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
6 East 43rd Street, 21st Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*

4887-3087-7689, v. 1